## OSTRANDER v. MEUNCH.

*(Circuit Court, E. D. Missouri.   March, 1881.)*

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—VALIDITY.

   An assignment for the benefit of creditors under a state law is void as against an assignee in bankruptcy under the national bankruptcy act; but it is not absolutely void *ab initio*, but only subject to be avoided by proceedings taken under the bankrupt act.

2. SAME—TITLE IN ASSIGNEE.

   The title to the estate passes to the assignee in bankruptcy at the time of the conveyance of the assets to him, and the assignee under the state law ceases from that time to have any power to dispose of or appropriate them in any manner; and a demand on the latter in writing for the estate is sufficient without an application for an injunction to restrain him from disposing of the assets of the estate in his hands.

In Bankruptcy.   Appeal from the judgment of the district court.

*Mr. Krum*, for appellant.

McCRARY, C. J.   It is well settled that an assignment for the benefit of creditors under a state law is void as against an assignee in bankruptcy under the national bankrupt act.   But it seems that the assignment under the state law is not absolutely void *ab initio*, but only subject to be avoided by proceedings taken under the bankrupt act.

In the present case it appears that the assignee, under the state law, had taken possession of the estate and partially executed the assignment prior to the adjudication in bankruptcy.   The assignee in bankruptcy, soon after being qualified and receiving a conveyance of the estate from the register, made formal demand in writing upon the assignee, under the state law, for the estate.   The latter, however, continued to dispose of a part of the estate by paying therefrom certain dividends.   The court below instructed the jury that this he had no right to do, and that he was consequently liable to the assignee in bankruptcy for the assets in his hands at the time the demand was made.   It is said that the assignee in bankruptcy was bound to

enjoin the further proceedings under the state law, and that he is therefore not entitled to recover for the amount paid out as dividends after demand. This point is not well taken. The title to the estate passed to the assignee in bankruptcy before he demanded it. From the time of the conveyance of the assets to the assignee in bankruptcy the latter was their owner, and the assignee under the state law ceased to have any power to dispose of them or appropriate them in any manner. It was the case of property belonging to one person, and found in the possession of another. No injunction was necessary. A demand was quite sufficient. There is no error in the proceedings, and the judgment of the district court is accordingly affirmed.